# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# <u>SOUTHERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **YAHYA AMAR** | ) |

## <u>INFORMATION</u>

The United States Attorney charges that:

### <u>COUNT ONE</u>
### Conspiracy
### [18 U.S.C. § 371]

1. From at least in or around January 2022 through at least in or around December 2023, in Jefferson County, within the Northern District of Alabama, and elsewhere, the defendant,

**YAHYA AMAR**,

and others, both known and unknown, did knowingly and willfully conspire, combine, and agree to engage in the interstate transportation of stolen goods, that is, to transport or cause the transportation in interstate commerce of property valued at $5,000 or more with knowledge that it has been stolen, converted, or fraudulently taken from its rightful owner, in violation of Title 18, United States Code, Section 2314.

1

## OBJECT OF THE CONSPIRACY

2. It was the object of the conspiracy that the defendant, **YAHYA AMAR**, and his brother and co-conspirator, Abdurrahman Amar (together, "the Amars"), as well as others known and unknown, would unlawfully enrich themselves by engaging in the interstate transportation of stolen goods.

## MANNER AND MEANS OF THE CONSPIRACY

To further the objects and goals of the conspiracy, the defendant and his co-conspirators used the following manner and means, among others:

3. It was part of the conspiracy that the defendant, **YAHYA AMAR**, provided assistance to Abdurrahman Amar, who organized and led a network of at least 5 or more "boosters" (*i.e.*, professional thieves) who regularly offered the Amars various new, unopened goods for purchase, including, but not limited to, personal electronic devices and tools.

4. At all times during the relevant period, the Amars knew that the boosters obtained the new, unopened goods by stealing them from various retail stores, including, but not limited to, Wal-Mart, Target, Home Depot, and Lowe's.

5. It was also part of the conspiracy that the boosters sometimes stole the goods on their own accord, while at other times they stole the goods at the direction and/or request of the Amars.

6. It was also part of the conspiracy that the Amars used their places of employment – retail stores for Wireless Carrier #1 (Abdurrahman Amar) and Wireless Carrier #2 (Yahya Amar), both of which were located in Jefferson County, within the Northern District of Alabama – as their physical bases of operation, receiving and storing stolen goods in the back of the stores.

7. It was also part of the conspiracy that the Amars purchased the new, unopened goods from the boosters at a steep discount from the goods' retail value and then listed the new, unopened goods for re-sale on various online platforms – including, but not limited to, eBay, Facebook, and Amazon – at prices that included a markup from the boosters' prices but were still well below the stolen goods' retail value.

8. In fact, from at least in or around January 2022 through at least in or around December 2023, the Amars completed approximately 7,283 separate sales of stolen goods on eBay, resulting in total revenue during the same period of approximately $1,014,191.44.

9. It was also part of the conspiracy that the Amars shipped the stolen goods that they sold online to individuals located throughout the United States and internationally.

10. In fact, from at least in or around January 2022 through at least in or around December 2023, the Amars caused stolen goods that they sold on eBay to be

shipped to approximately 51 U.S. states and territories other than Alabama, as well as approximately 37 non-U.S. countries.

## ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of the conspiracy, the following overt acts, among others, were committed in the Northern District of Alabama and elsewhere:

11. On or about October 23, 2023, Abdurrahman Amar received a text message from Booster #1, a female individual from whom the Amars regularly bought stolen goods. Specifically, Booster #1 texted Abdurrahman Amar that she had "Phillips strip lights from home Depot and one of those green works batteries" for sale.

12. Abdurrahman Amar responded to Booster #1 by text message with an offer to buy the lights and the battery for "30 and 30" and, later that same day, used Cash App to send Booster #1 a $60 payment, which included a payment description of "bbattery."

13. On or about October 24, 2023, Abdurrahman Amar caused a "Philips Hue Ambiance Gradient Bluetooth Lightstrip 80-inch Base Kit Multi" to be listed for sale on eBay.

14. On or about October 25, 2023, the "Philips Hue Ambiance Gradient Bluetooth Lightstrip 80-inch Base Kit Multi" was sold on eBay for $74.99.

15. Thereafter, Abdurrahman Amar caused the "Philips Hue Ambiance Gradient Bluetooth Lightstrip 80-inch Base Kit Multi" to be shipped to an address in Riverside, California.

16. Likewise, on or about October 24, 2023, Abdurrahman Amar caused a "GreenWorks Pro 60V 2.5Ah Lithium Batter LB 6025" to be listed for sale on eBay.

17. On or about October 25, 2023, the "GreenWorks Pro 60V 2.5Ah Lithium Batter LB 6025" was sold on eBay for $89.99.

18. Thereafter, Abdurrahman Amar caused the "GreenWorks Pro 60V 2.5Ah Lithium Batter LB 6025" to be shipped to an address in Pandora, Ohio.

All in violation of Title 18, United States Code, Section 371.

## NOTICE OF FORFEITURE
[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of an offense in violation of 18 U.S.C. § 371, the defendant,

**YAHYA AMAR,**

shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such offense. The property to

be forfeited includes, but is not limited to, a money judgment representing the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense of which the defendant has been convicted.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

                                    PRIM F. ESCALONA
                                    United States Attorney

                                    */s/ electronic signature*
                                    BRETT A. JANICH
                                    Assistant United States Attorney